```
                   UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

| United States of America, | * | Case No. 3:16-CR-00249-002 |
|---|---|---|
| Plaintiff, | * | Judge Jeffrey J. Helmick |
| v. | * | |
| Robert Allen Paschalis, | * | |
| Defendant. | * | |

*******************************************************************

## DEFENDANT'S SENTENCING MEMORANDUM

### I. INTRODUCTION

Mr. Paschalis' actions that comprise the indictment case are well established. He aided and abetted a violation of 18 U.S.C. 249, Hate Crime Act.

Yet everything else in this case point to a different person – one who is affable and tolerant of others. The phrase "A follower, not a leader" appears particularly apt.

Mr. Paschalis respectfully requests that the Court fashion a sentence that is sufficient, but not greater than necessary, to accomplish the objectives set forth in 18 U.S.C. 3553. In doing so, the Defendant asks the Court to consider the following:

1. Mr. Paschalis has admitted his role in the offense and acknowledges his guilt.

2. Mr. Paschalis appears amenable to participating in services that may prevent recidivism.

**II. Application of the Sentencing Factors to Mr. Paschalis**

**A. Title 18 U.S.C. 3553(a)**

**1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

Mr. Paschalis pleaded guilty to violating 18 U.S.C. 249(a)(1)(A), a felony.

**(A). The Need for the Sentence Imposed—to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

This is a serious offense, as are most federal crimes. The issue becomes: what type of sentence reflects the serious nature of the offense, yet is "not greater than necessary" to provide just punishment? It will not take a lengthy prison sentence for him to appreciate the seriousness of the offense, command his respect for the law, deter him from committing any other crimes in the future, or to protect the public from Mr. Paschalis. Those sentencing objectives have already been met as far as Mr. Paschalis is concerned, as the letters and other materials provided to the Court demonstrate.

Mr. Paschalis learned his lesson from this experience. His intention, upon release, is to support his family.

**2(B). The Need for the Sentence Imposed–to Afford Adequate Deterrence to Criminal Conduct**

The gravity of facing a sentence in a federal prison is an adequate deterrent to the conduct in this case that everybody, including Mr. Paschalis, as well as his family, will know that a Hate Crime violation is a severely sanctioned offense that is subject to punishment.

**2(C). The Need for the Sentence Imposed–to Protect the Public from Further Crimes of the Defendant**

The Court can be assured the public will be safe from the Defendant for several reasons. First, Mr. Paschalis is not a violent person. Second, Mr. Paschalis has already learned his lesson. Because Mr. Paschalis does not want to spend any time in jail, he is committed to following the law. Finally, Mr. Paschalis has lead, most recently, a law abiding life, as the zero criminal history points suggest.

**2(D). The Need for the Sentence Imposed–to Provide the Defendant with Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

The PSR suggests substance abuse counseling, based on the misuse of alcohol in committing the instant offense. Mr. Paschalis agrees with that recommendation.

3. The Kinds of Sentences of Available and the Sentencing Rang

The factors before the Court establish that a sentence at the low end of the applicable guideline range would be appropriate.

**4. Any Pertinent Policy Statement**

Not applicable.

**5. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

The Defendant respectfully submits that this Court is in the be position to avoid any unwarranted disparities for the reason it has presided over similar cases in the past. Mr. Paschalis respectfully submits that his conduct in this case warrants a more lenient sentence than those who engaged in Hate Crime Act, due to the presence of substantial mitigating factors. It is submitted that these mitigating factors are something this Court may wish to take into account in sentencing Mr. Paschalis.

**6. The Need to Provide Restitution to Any Victims of the Offense**

Is being addressed.

### III. Conclusion

Mr. Paschalis respectfully requests that this Court find that a sentence below the advisory guideline range, specifically time served, is sufficient, but not greater than necessary, to accomplish the objectives set forth in 18 U.S.C. 3553(a).

WHEREFORE, Mr. Paschalis, having demonstrated a full acceptance of his guilt, requests this Court to be lenient in the adjudication of his fate.

Respectfully submitted,

/s/ Spiros P. Cocoves
Spiros P. Cocoves
610 Adams St., 2nd Floor
Toledo, Ohio  43604-1423
419/241-5506 (voice)
419/242-3442 (fax)
scocoves@gmail.com (email)

CERTIFICATION

This is to certify that on March 31, 2017 a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's ECF system.

/s/ Spiros P. Cocoves